## MARY BARKER v. STATE.

No. A-7028.  Opinion Filed Jan. 4, 1930.
Rehearing Denied Jan. 28, 1930.
(283 Pac. 1036.)

Earl A. Brown, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of selling one pint of corn whisky, and her punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that one Gilbert Green was in an intoxicated condition on the public streets in the city of Ardmore; that the officers followed him to the residence of the defendant; that Green went into the house and left the door open; that the defendant was seen to pass a bottle of whisky to Green; that the officers went into the house, arrested Green, took a pint of whisky off of him, and arrested the defendant.  Some of the facts and circumstances detailed by the defendant and her witnesses corroborate this story of the officers.

The defendant first contends that the court erred in overruling her motion for a new trial based upon testi-

mony which she alleged would have been given by Green. The only showing the defendant made tending to excuse her failure to have the witness Green subpoenaed was that the deputy sheriff told her that he was in jail and would be at the trial. The defendant had no subpoena issued for Green and used no diligence to procure his testimony. The court did not err in overruling her motion for new trial. The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.